UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11 CR 83 |
| | ) | |
| TRACEY E. DAVIS, | ) | |

## OPINION and ORDER

Defendant Tracey Davis has written the court a series of letters (DE #37; DE #39; DE #40) which the court will treat jointly as one motion seeking a sentence reduction. Briefly stated, Davis asks whether Amendment 787 to the United States Sentencing Guidelines, effective November 1, 2014, can be used to modify her sentence by reducing it by (approximately) 15 months. Alternatively, she asks whether the court can order her to be transported to Porter County, Indiana, so that she can appear in state court to resolve a pending matter that is factually intertwined with her federal conviction.

Oversimplifying the issue at the heart of Davis's requests, at the time she was indicted, she was already serving a state sentence resulting from some of the same conduct involved with her federal charges (now convictions) for theft of mail and identity theft. After her indictment she came into federal custody pursuant to a writ of *habeas corpus ad prosequendum*, meaning that although she was before this court for prosecution, she was still within Indiana's primary custody. *See Binford v. United States*, 436 F.3d 1252, 1255–56 (10th Cir. 2006) (use of *ad prosequendum* writ by federal government does not establish beginning of federal custody). For that reason, the

United States Bureau of Prisons ("BOP") is not giving her credit toward her federal sentence for the time she spent detained pretrial: 18 U.S.C. § 3585(b) provides that credit is given for pretrial detention if the time is not "credited against another sentence." Because Davis remained in Indiana's primary custody during her time in federal pretrial detention, the statute means the BOP cannot credit it towards Davis's federal sentence because the BOP presumes that Indiana has already credited it towards her state custody.

Amendment 787, which Davis hopes can be used to reduce her sentence, has no impact. Amendment 787 added a new subsection to U.S.S.G. § 5G1.3, stating as relevant here: "If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." U.S.S.G. § 5G1.3(c). Even assuming that this amendment would have applied to Davis's guideline calculation if in effect at the time she was sentenced,[*] as a general rule, the court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).

---

[*] Although the court expresses no opinion on that issue, the application note to subpart (c) states that it "applies to cases in which the federal court anticipates that, *after* the federal sentence is imposed, the defendant will be sentenced in state court." (Emphasis added.) Here, Davis was sentenced in state court before her federal sentence was imposed.

2

There are exceptions to this general rule, such as one making certain amendments to the United States Sentencing Guidelines apply retroactively, which exception Davis is hoping will make Amendment 787 applicable here. The exception states:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The first problem is that new § 5G1.3(c) (created by Amendment 787) does not reduce Davis's applicable guidelines sentencing range. The second is that Amendment 787 is not listed by the Sentencing Commission in U.S.S.G. 1B1.10(d) as one to be applied retroactively. Both of these reasons make Amendment 787 unavailable to Davis:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–
>
> > (A) None of the amendments listed in subsection (d) is applicable to the defendant; or
> > (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

Anticipating that Amendment 787 might not apply, Davis asked whether it is "possible" for the court to issue a transport order for her to be returned to state custody so that she can address disposition of the remainder of the state sentence that is still

3

(apparently) hanging over her head. (DE #39 at 3.) Whether to transfer a prisoner to state authority is for the BOP to determine, and even then only if the state has requested and consented to custody. 18 U.S.C. § 3623; *Reger v. Hastings*, 97 Fed. Appx. 41, 42-43 (7th Cir. 2004). Davis should address her concerns to the state courts. *See Reger*, 97 Fed. Appx. at 43.

For the foregoing reasons, defendant Davis's motions (DE #39; DE #40) seeking a sentence reduction are **DENIED**.

**SO ORDERED.**

Date: January 6, 2015

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT